IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION DRILLING COMPANY, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>EQT PRODUCTION COMPANY<br><br>           Defendant. | Civil Action No. _____<br><br>Judge |

## COMPLAINT

Orion Drilling Company, LLC ("Orion") brings this action against EQT Production Company ("EQT") for breach of contract.

## PARTIES

1. Orion is a Texas limited liability company, and all members of the limited liability company are Texas citizens. Orion's principal place of business is located at 674 Flato Road, Corpus Christi, Texas.

2. EQT is a Pennsylvania corporation and its principal place of business is at 625 Liberty Avenue, Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars.

4. Venue is appropriate in this Court because EQT's principal place of business is located in the Western District of Pennsylvania. Further, the contracts that form the basis for this action require the parties to litigate disputes in Pennsylvania.

**BACKGROUND**

5. Orion is a full service drilling company that provides rigs, tools, equipment, and manpower to oil and natural gas exploration and production companies throughout the United States.

6. EQT operates natural gas wells in the Marcellus and Utica Shale formations located in Pennsylvania and other states.

7. Orion and EQT executed a contract dated April 21, 2014 in which Orion agreed to build a drilling rig (called "Rig 17") to EQT's specifications. *See* Ex. 1 (the "Rig 17 Construction Contract").

8. Orion and EQT also executed a daywork drilling contract for Rig 17, dated April 29, 2014. *See* Ex. 2 (the "Rig 17 Drilling Contract").

9. Orion and EQT Production Texas, LLC executed a contract dated August 7, 2014, in which Orion agreed to build a drilling rig (called "Rig 18") to EQT's specifications. *See* Ex. 3 (the "Rig 18 Construction Contract").

10. Orion and EQT Production Texas, LLC also executed a daywork drilling contract for Rig 18 dated July 29, 2014. *See* Ex. 4 (the "Rig 18 Drilling Contract").

11. EQT Production Texas, LLC later assigned to EQT its interests in the Rig 18 Contract and the Rig 18 Drilling Contract.

**RIG 18 OPERATION/EQT SHUTDOWN ORDER**

12. On June 9, 2015, EQT accepted and took possession of Rig 18.

13. Beginning on June 9, 2015, EQT drilled numerous natural gas wells with Rig 18 under the Rig 18 Drilling Contract.

14. The term of the Rig 18 Drilling Contract runs until June 8, 2019.

15. On June 7, 2016, while drilling a natural gas well in Greene County, Pennsylvania, Rig 18 had an uncontrolled block movement.

16. On June 9, at EQT's instruction, Orion ceased drilling operations with Rig 18 and demobilized Rig 18 from the well pad.

17. On June 16, Orion and EQT signed a letter agreement which amended the terms of the Rig 18 Drilling Contract. *See* Ex. 5 (the "Letter Agreement").

18. Orion agreed to complete an investigation and root cause analysis of the uncontrolled block movement, and to deliver a report to EQT. *Id.*

19. Orion worked jointly with Integrated Drive Systems, LLC ("IDS") to perform the investigation and root cause analysis.

20. On June 30, Orion provided to EQT a copy of the IDS report.

21. Orion also agreed to cooperate with EQT and Aberdeen Drilling Consultants, Ltd. ("ADC"), an engineering firm hired by EQT. *Id.*

22. Orion agreed to complete any specific corrective action requests ("CARs") identified by ADC. *Id.*

23. On July 8, EQT provided to Orion ADC's report regarding Rig 18 (the "ADC Report"), which identified 11 CARs for Rig 18.

24. Orion addressed every CAR identified in the ADC Report and provided to EQT an 87 page report documenting Orion's compliance with the CARs.

25. On July 11, Orion tendered Rig 18 for EQT's inspection and demanded that EQT put Rig 18 back into service.

26. EQT did not inspect the rig and rejected Orion's demand to place Rig 18 back into service.

27. On July 22, Orion again tendered Rig 18 for inspection by EQT.

28. By letter dated July 27, without inspecting the rig, EQT issued a letter to Orion purporting to terminate the Rig 18 Drilling Contract due to an alleged default under the contract.

29. On August 1, 2016, Orion rejected EQT's allegations of default, and advised EQT of its failure to comply with the terms of the Rig 18 Contract, as amended.

30. Consistent with this position, Orion invoiced EQT for amounts due, including the termination amount under the Rig 18 Contract, § 7.3.

31. EQT rejected Orion's invoices for standby charges and the termination amount.

32. Despite EQT's purported termination of the Rig 18 Contract, and even though not contractually required to do so, Orion hired RigQA to complete a failure mode effects analysis ("FMEA") to identify "dormant faults" that might exist in the Rig 18 control system.

33. When this work was completed, RigQA performed commissioning and acceptance tests on Rig 18 and certified: (a) that Rig 18 is fit for purpose; and (b) all CARs from the ADC Report had been adequately addressed.

34. By letter dated August 29, Orion provided EQT with RigQA's CAT Status Report dated August 21, 2016, as well as the full Commission Acceptance Test Report for Rig 18.

35. Orion demanded that EQT withdraw its purported termination of the Rig 18 Contract, and put Rig 18 back into operation consistent with the terms of the Rig 18 Contract.

36. EQT did not inspect Rig 18 or rescind its termination of the Rig 18 Contract.

**RIG 17 OPERATION/EQT SHUTDOWN ORDER**

37. On January 14, 2015, EQT accepted and took possession of Rig 17.

38. Beginning on January 14, 2015, EQT drilled numerous natural gas wells with Rig 17 under the Rig 17 Drilling Contract.

39. The term of the Rig 17 Drilling Contract runs until January 15, 2018.

40. On July 8, 2016, at EQT's instruction, Orion ceased drilling operations and demobilized Rig 17.

41. EQT asserted that Rig 17 was unsafe because it used the same control system as Rig 18.

42. Rig 17 never had an uncontrolled block movement.

43. By letter dated July 15, EQT asserted that Orion was in default under the terms of the Rig 17 Contract.

44. By letter dated July 20, Orion disputed EQT's claim of default and asserted that EQT's right to terminate the Rig 17 was conditioned on payment of the termination amount under the contract. In this letter, Orion provided EQT with invoices for standby charges and for the termination fee.

45. Further, and despite having no contractual obligation to do so, Orion advised EQT that it would implement on Rig 17 all CARs identified in the ADC Report to the extent they could be applied to the control system on Rig 17.

46. Consistent with this undertaking, RigQA performed commissioning and acceptance tests on Rig 17 and certified that Rig 17 is fit for purpose and that all CARs from the ADC Report that were applicable to Rig 17 had been completed.

47. By letter dated August 29, Orion provided EQT with RigQA's CAT Status Report dated August 21, 2016 as well as the full Commission Acceptance Test Report for Rig 17.

48. Orion demanded that EQT put Rig 17 back into operation consistent with the terms of the Rig 17 Contract and pay invoices that were properly issued and which were due and payable under the terms of the Rig 17 Contract.

49. EQT did not put Rig 17 back into service or pay the outstanding invoices.

50. On September 12, referring to its July 15 letter, EQT purported to terminate the Rig 17 Drilling Contract.

## COUNT I - BREACH OF CONTRACT (RIG 18 DRILLING CONTRACT)

51. Orion incorporates by reference Paragraphs 1 through 50 as though set forth in full.

52. EQT's refusal to inspect Rig 18 and place Rig 18 back in service is a breach of the Rig 18 Drilling Contract, as amended.

53. EQT is liable for the daily rates, for the term of the contract, as set forth in the Rig 18 Contract.

54. EQT is not entitled to terminate the contract before the end of the contract term unless it pays the early termination payment as calculated under Article 7.3.

55. Orion invoiced EQT for the early termination payment, which invoice EQT has refused to pay.

56. EQT's conduct set forth above constitutes an unjustified termination of the Rig 18 Drilling Contract.

57. Orion is entitled to damages for EQT's breach of contract in an amount not less than the early termination amount as calculated under the Rig 18 Drilling Contract, Article 7.3, together with all outstanding invoices for standby charges.

**WHEREFORE**, Orion Drilling Company, LLC demands judgment against EQT Production Company in the amount of no less than $21,002,000, plus pre-judgment interest and attorneys' fees, and any such further relief as the Court may deem appropriate.

## COUNT II – BREACH OF CONTRACT (RIG 17 DRILLING CONTRACT)

58. Orion incorporates by reference Paragraphs 1 through 57 as through set forth in full.

59. EQT's refusal to inspect Rig 17 and put Rig 17 back in service is a breach of the Rig 17 Drilling Contract.

60. EQT is liable for the daily rates set forth in the Rig 17 Contract for the term of the contract.

61. EQT is not entitled to terminate the contract before the end of the contract term unless it pays the early termination payment as calculated under Article 7.3.

62. Orion invoiced EQT for the early termination payment, which invoice EQT has refused to pay.

63. EQT's conduct set forth above constitutes an unjustified termination of the Rig 17 Drilling Contract.

64. Orion is entitled to damages for EQT's breach of contract in an amount not less than the early termination amount as calculated under the Rig 17 Drilling Contract, Article 7.3, together with all outstanding invoices for standby charges.

**WHEREFORE**, Orion Drilling Company, LLC demands judgment against EQT Production Company in the amount of no less than $11,100,000, plus pre-judgment interest and attorneys' fees, and any such further relief as the Court may deem appropriate.

-8-

## JURY TRIAL DEMAND

Orion demands a jury trial on all issues.

                Respectfully submitted,

                /s/ Andrew K. Fletcher
                Andrew K. Fletcher
                Pa. I.D. No. 75544
                Kevin M. Eddy
                PA I.D. No. 92904
                PEPPER HAMILTON LLP
                50th Floor
                500 Grant Street
                Pittsburgh, PA 15219-2502
                Tel:  412.454.5000
                Fax:  412.281.0717

Date:  September 30, 2016        Counsel for Orion Drilling Company, LLC