IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION DRILLING COMPANY, LLC., ) <br> Plaintiff, ) <br> v. ) <br> EQT PRODUCTION COMPANY, ) <br> Defendant, ) <br> v. ) <br> EQT PRODUCTION COMPANY, ) <br> Counter Claimant, ) <br> v. ) <br> ORION DRILLING COMPANY, LLC., ) <br> Counter Defendant. ) | Civil Action No. 16-1516 <br> Chief Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 117 |

**MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the Court is a Motion for Sanctions for Spoliation of Evidence (the "Motion for Sanctions") filed by Defendant EQT Production Company ("EQT"). ECF No. 117. In the Motion for Sanctions, EQT seeks sanctions for spoliation of evidence by Plaintiff Orion Drilling Company, LLC ("Orion"). The Court has thoroughly reviewed the relevant documents supporting the Motion for Sanctions, ECF Nos. 118 and 131, and opposing the Motion for Sanctions, ECF Nos. 128 and 132. The Motion for Sanctions is now ripe for consideration.

### II. FACTUAL AND PROCEDURAL BACKGROUND

The instant litigation is based on two contracts entered into between Orion and EQT in which Orion agreed to build two oil and gas drilling rigs to EQT's specifications. The contract dated April 21, 2014, relates to the construction of Rig 17 and the contract dated August 7, 2014, relates to the construction of Rig 18. ECF No. 1 at 2. The parties also entered into drilling contracts relative to Rig 17 and Rig 18. Following EQT accepting and taking possession of both rigs, there were three dropped block incidents that occurred on Rig 18 that Orion was operating

for EQT. After those three incidents, Rig 18 was pulled out of service and inspected over the course of weeks by multiple parties. Ultimately, EQT terminated the contract with Orion for the drilling operations of Rig 18 and Rig 17.

The parties have engaged in extensive discovery, including: multiple motions to compel discovery, an emergency motion to compel inspection, motions to quash, motions for sanctions, an emergency motion to compel supplemental responses and multiple motions for protective orders. ECF Nos. 29, 41, 47, 52, 59, 61, 92, 102 and 107.

In the Motion for Sanctions, EQT alleges, in detail, six specific categories of conduct by Orion in destroying and/or failing to preserve significant relevant evidence, along with the failure to conduct thorough searches with current and former key employees for responsive documents. These categories of conduct also provide the Court with the context upon which EQT argues that Orion has repeatedly engaged in sanctionable discovery misconduct. Following briefing and Orion's belated production of certain documents, two categories of conduct remain at issue. First, the destruction of and failure to preserve handwritten notes of Jamie Garza ("Garza"). Second, the destruction of and failure to preserve handwritten notes and copies of IADC contracts marked-up by Owen Brandt ("Brandt"). ECF No. 131 at 2, 5. The Court will address each category separately.

### III. STANDARD OF REVIEW

A party seeking sanctions bears the burden of proving spoliation of evidence occurred. Universal Underwriters Ins. Co. v. Dedicated Logistics, Inc. Civ. A. No. 11-1153, 2014 WL 7335668, at *4 (W.D. Pa. Dec. 19, 2014). Spoliation of evidence occurred if: (1) the evidence was in the defendant's control; (2) the evidence is relevant to the plaintiff's claims; (3) there has been actual, intentional, suppression or the withholding of evidence in bad faith; and (4) the duty

2

to preserve evidence was reasonably foreseeable to defendants. Bull v. United Parcel Serv., Inc., 665 F. 3d 68, 73 (3d Cir. 2012) (citing Brewer v. Quaker State Oil Refining Corp., 72 F. 3d 326, 334 (3d Cir. 1995)). In this case, Defendant EQT alleges spoliation by Plaintiff Orion.

## IV. DISCUSSION

### A. Handwritten Notes of Jamie Garza

#### 1. Description

Garza is an Operations Manager at Orion who was a Superintendent for both Rig 17 and Rig 18, the two rigs at issue in this case, and was present in Pennsylvania for the entirety of the operation of Rigs 17 and 18. ECF No. 118 at 3. At his deposition, Garza testified that, in the relevant time period, he would make notes during meetings at Orion on a notepad or scratch pieces of paper. ECF No. 117-2 at 4. Garza further testified that he did not bring any of those notes with him when he left Pennsylvania on September 29, 2016, and that "Some of them got thrown away when I left. I threw some of them away. It was considered junk in my office that I didn't need." Id. at 4-6. Garza left Pennsylvania and the two rig sites only one day before Orion filed this lawsuit.

#### 2. Spoliation Factors

##### a. Evidence in party's control

Orion does not dispute that Garza's notes were within its control. Thus, the Court finds that EQT has established this element of spoliation.

##### b. Evidence relevant to claims or defenses

EQT asserts that Garza's handwritten notes concerning meetings which took place prior to and through the construction and performance of Rigs 17 and 18 are plainly relevant. ECF No. 118 at 9. EQT specifically states, "Because Garza was the Orion employee overseeing day-

3

to-day operations of the rigs, it is reasonable to conclude that at least *some* of his destroyed notes regarding workplace meeting he participated in would be relevant to the rigs. Of course, EQT cannot know the exact content of Garza's destroyed meeting notes *because they have been destroyed.*" ECF No. 131 at 4 (emphasis in original).

Orion provides an affidavit from Garza in which he states that he did not throw away any notes relating to Rig 17 or Rig 18. ECF No. 132-1 at 3. Garza further states that he received a litigation hold notice concerning claims involving "EQT termination of the drilling contract" and that he complied with that notice. Id. He further states that what he threw away was junk, not document relating to Rig 17 or Rig 18. Id.

Given Garza's leadership position with Orion, the Court finds that the documents at issue were clearly relevant to Orion's claims, EQT's defenses and counterclaim. Thus, the second factor is easily satisfied.

### c. Actual suppression or withholding of evidence in bad faith

In Bull, the United States Court of Appeals for the Third Circuit discussed the "key issue" of bad faith in the context of spoliation. Bull, 665 F.3d at 76-77. The court observed:

> For the [spoliation] rule to apply . . . it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.* See generally 31A C.J.S. [Evidence] § 156(2); 29 [AM. JUR.2d Evidence] § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").
> 
> Brewer, 72 F.3d at 334 (emphasis added). **Therefore, a finding of bad faith is pivotal to a spoliation determination.** This only makes sense, since spoliation of documents that are merely withheld, but not destroyed,

4

> requires evidence that the documents are actually withheld, rather than —
> for instance — misplaced. **Withholding requires intent.**

Bull, 665 F.3d at 79 (quoting Brewer, 72 F.3d at 334) (italicized emphasis in original, bold emphasis added).

Consistent with this principle, district courts within the Third Circuit have routinely distinguished between situations where "the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth," and those where "the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." Brewer, 72 F.3d at 334; see Baliotis v. McNeil, 870 F. Supp. 1285, 1290-91 (M.D. Pa. 1994) (finding intentional authorization of destruction of missing evidence critical); Bozic v. City of Washington, 912 F. Supp. 2d 257, 270 (W.D. Pa. 2012) (finding sanctions warranted where conduct rose well above inadvertence or normal activities); Micjan v. Wal-Mart Stores, Inc., Civ. A. No. 114-866, 2016 LEXIS 23173, at *28-29 (W.D. Pa. Feb. 25, 2016) (finding no evidence that actions were deliberate attempt to impede a potential defense); Punch v. Dollar Tree Stores, Inc., Civ. A. No. 12-154, 2017 U.S. Dist. LEXIS 23443, at *14-17 (Feb. 17, 2017) (disposal of critical evidence did not amount to spoliation in the absence of "a deliberate attempt to impede a potential defense"); Heck v. Mem'l Health Sys., Civ. A. No. 10-1675, 2012 U.S. Dist. LEXIS 117287, at *7 (M.D. Pa. Aug. 20, 2012) ("merely ... misplaced"); Victor v. Lawler, Civ. A. No. 08-1374, 2012 U.S. Dist. LEXIS 65740, at *24-30 (M.D. Pa. May 10, 2012) (evidence lost despite unsuccessful efforts to preserve); Dunn v. Mercedes Benz of Ft. Washington, Inc., Civ. A. No. 10-1662, 2012 U.S. Dist. LEXIS 17089, at *17-20 (E.D. Pa. Feb. 10, 2012) (conduct was negligent but not "willful[] or in bad faith").

5

Here, EQT argues that Garza intentionally destroyed his hard-copy documents and handwritten notes with knowledge of the existing dispute with EQT over Rig 17 and Rig 18 on the very day before Orion filed this lawsuit. ECF No. 118 at 10. As such, EQT contends that litigation was necessarily foreseeable as of that date. Id. at 9-10.

In opposing the Motion for Sanctions, Orion argues that EQT cannot establish the requisite element of bad faith. ECF No. 128 at 10-12. Specifically, Orion responds that EQT's allegations are generalities not sufficient to show that Orion engaged in actions that were a deliberate attempt to impede a potential defense.

Upon review, the Court finds that Orion has conveniently ignored the deposition testimony of Garza, their own Operations Manager for Rig 17 and Rig 18, that he intentionally destroyed the documents in question: "I threw some of them away." ECF No. 117-2 at 6. Clearly, Garza had knowledge that a dispute had arisen between the parties, that a lawsuit was about to be filed and he destroyed certain documents relative to operations of the two rigs at issue. This intentional action is sufficient to satisfy the element of bad faith.

### d. Reasonably foreseeable duty to preserve evidence

In support of the Motion for Sanctions, EQT asserts that multiple events, including Orion's retention of outside counsel and a statement by Orion's CEO that it "was in litigation" over the contractual situation with EQT, indicate that Orion reasonably foresaw the need to preserve evidence for the instant lawsuit. ECF No. 118 at 12-13. As noted above, the instant lawsuit was filed one day after Garza destroyed his notes.

In opposition to the Motion for Sanctions, Orion makes no argument on this point as it relates to Garza. ECF No. 128 at 13.

The Court finds that this factor has been established.

### 3. Conclusion

Having found that all four factors have been established, the Court finds that there has been spoliation.

### B. Notes and Copies of the IADC contract marked up by Owen Brandt

#### 1. Description

Brandt worked for Orion in Pennsylvania between 2011 and 2015, in the dual role of Superintendent and Operations Manager. ECF No. 118 at 4. Brandt was responsible for multiple rigs, including Rigs 17 and 18. Id. When Brandt left Pennsylvania in 2015, he boxed up some "stuff" and took it with him but the rest stayed in Pennsylvania. Id. At his deposition, Brandt testified that he had possessed IADC contracts for Rig 17 and Rig 18. ECF No. 117 at 35. When asked, "Did you mark those up, take notes on them, kind of highlight this is important or something like that if you wanted to draw your attention to something quickly," id., Brandt replied, "Probably." ECF No. 131 at 7.[1]

#### 2. Spoliation Factors

##### a. Evidence in party's control

Orion does not dispute that Brandt's copies of the subject contracts were within its control. Thus, the Court finds that EQT has established this element of spoliation.

##### b. Evidence relevant to claims or defenses

EQT argues that "[t]he markings of an Orion management employee on the documents which form the entire basis of this litigation 'are plainly relevant to the instant case' as they are 'at the very heart of the dispute' between the parties." ECF No. 131 at 5. Orion argues that EQT did not establish the existence of any marked-up copies of the contracts or how portions of the

---

[1] EQT has not provided the deposition page containing Brandt's response; however, there appears to be no dispute that Brandt answered "Probably." ECF No. 132 at 3.

7

contract highlighted by Brandt could harm Orion's ability to prove its claims against EQT. ECF No. 132 at 3.

In his deposition testimony, Brandt indicated that it was more likely than not that he marked up his copy of the contract at issue. ECF No. 131 at 7. Given Brandt's leadership position with Orion, the Court find that the documents at issue were clearly relevant to Orion's claims, EQT's defenses and counterclaim. Thus, the second factor is satisfied.

### c. Actual suppression or withholding of evidence in bad faith

In support of the Motion for Sanctions, EQT points to Orion's failure to produce the documents in question as well as to the surrounding allegations of discovery misconduct on the part of Orion in order to demonstrate bad faith in Orion's failure to produce the Brandt documents. ECF No. 118 at 9-11. EQT also argues that Orion only asked Brandt for a copy of his hard drive and never asked him for hard copies of any documents that he had in his possession. Id. at 4. In opposition to the Motion for Sanctions, Orion asserts that EQT fails to show that Orion engaged in any deliberate conduct related to the Brandt documents and posits that EQT's "massive discovery effort on anything and everything related to Rigs 17 and 18 undermines its argument that it was somehow deprived of some critical (but unidentified) fragment of information." ECF No. 128 at 10-12. The Court does not agree with Orion. Brandt's admitted intentional act of discarding documents is sufficient to satisfy this element.

### d. Reasonably foreseeable duty to preserve evidence

In support of the Motion for Sanctions, EQT asserts that Orion should have reasonably foreseen the need to preserve Brandt's hard-copy documents at the time that he left Pennsylvania in 2015 because, by that time, both Rig 17 and Rig 18 had experienced significant operational incidents. ECF No. 118 at 13. In opposition to the Motion for Sanctions, Orion merely denies

8

that any basis exists to find that it was on notice of a duty to maintain Brandt's hard-copy documents and notes in December 2015. ECF No. 128 at 13.

As cited by EQT in support of this element, Garza's deposition testimony reveals that multiple operational incidents on Rig 17 and Rig 18 occurred earlier in 2015. ECF No. 118 at 13 (citing ECF No. 117-2 at 10-25, 29-30). As such, when Brandt left Pennsylvania in 2015, it was reasonably foreseeable that Orion had a duty to preserve the documents of this key employee. The Court finds that this factor has been established.

### 3. Conclusion

Having found that all four factors have been established, the Court finds that there has been spoliation.

### C. Sanction

Having found that spoliation occurred in this case, the Court now turns to the matter of determining an appropriate sanction. EQT requests: (1) a spoliation inference enhanced with a directive to the factfinder that Orion was charged with having anticipated this litigation and had a duty to preserve evidence; and (2) compensation for the attorneys' fees associated with litigating the instant Motion for Sanctions. ECF No. 118 at 12-16. In opposition, Orion argues that no sanction is appropriate because EQT did not establish that it suffered prejudice. ECF No. 128 at 14-15.

To determine the appropriate sanction for spoliation, the court must consider: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the party seeking sanctions; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the aggrieved party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Bull, 665 F.3d at 73 n.5 (quoting Schmid

v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)). Spoliation sanctions include dismissal of a claim, judgment in favor of the prejudiced party, suppression of evidence, an adverse inference instruction that the spoiled evidence was harmful to the offending party's case, fines, and attorneys' fees and costs. Jacobs v. City of Pittsburgh, 143 F. Supp. 3d. 307, 311 (W.D. Pa. 2015) (citation omitted).

As the United States Court of Appeals for the Third Circuit has explained: "Since the early 17th century, courts have admitted evidence tending to show that a party destroyed evidence relevant to the dispute being litigated. Such evidence permitted an inference, the 'spoliation inference', that the destroyed evidence would have been unfavorable to the position of the offending party." Schmid, 13 F.3d at 78 (citation omitted).

In this case, upon consideration of the relevant factors, and finding that Orion was solely responsible for the failure to preserve and destruction of the relevant evidence, that the prejudice suffered by EQT is unknown but that no lesser sanction can remedy the spoliation, the Court finds that a spoliation instruction to the jury is warranted. The precise wording of such instruction will be determined at an appropriate time in the prior to the trial of this case. In light of this sanction, the Court exercises its discretion and declines to award attorneys' fees.

## V.  CONCLUSION

For the reasons set forth herein, EQT's Motion for Sanctions for Spoliation of Evidence, ECF No. 117, is granted in part and denied in part. An appropriate order follows.

# ORDER

AND NOW, this 11th day of September, 2018, IT IS HEREBY ORDERED that the Motion for Sanctions for Spoliation of Evidence, ECF No. 117, is GRANTED as to the request for a spoliation instruction to be given at trial and DENIED as to the request for attorney's fees.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF