IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION DRILLING COMPANY, LLC., )<br>    Plaintiff, )<br>        v. )<br>EQT PRODUCTION COMPANY, )<br>    Defendant, )<br>        v. )<br>EQT PRODUCTION COMPANY, )<br>    Counter Claimant, )<br>        v. )<br>ORION DRILLING COMPANY, LLC., )<br>    Counter Defendant. ) | Civil Action No. 16-1516<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 255 |

## **MEMORANDUM ORDER**

      Presently before the Court is a Motion for Jury View of a Drilling Rig filed on behalf of Defendant EQT Production Company ("EQT"). ECF No. 255. EQT contends that a jury view of a drilling rig will permit the jury to fully understand the questions at issue in this litigation by improving an understanding of rigs, their operation and performance. EQT proposes that the jury view be conducted on a Patterson-UTI Rig, which its expert states is "very similar in terms of size, capacity, and function." ECF No. 255-5.

      In <u>Kelley v. Wegman's Food Markets, Inc.</u>, 98 F. App'x 102 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit affirmed the trial court's denial of a request for a jury view of a store premises, citing time and site control, as well as the availability of photographs, reports and witness testimony to permit a full understanding of the issues. In reaching its decision, the Court explained,

> 'a federal court, exercising its inherent powers, may allow a jury in either a civil
> or a criminal case to view places or objects outside the courtroom.' <u>Clemente v.
> Carnicon–Puerto Rico Management Assocs., L.C.</u>, 52 F.3d 383, 385 (1st

> Cir.1995). However, a District Court's decision to disallow a jury view 'is highly discretionary.' United States v. Triplett, 195 F.3d 990, 999 (8th Cir.1999); see also Clemente, 52 F.3d at 386; United States v. Passos–Paternina, 918 F.2d 979, 986 (1st Cir.1990). In Passos–Paternina, the Court affirmed the District Court's denial of the jury view due to the 'dangerousness' of the site in question (a ship) and 'the availability of sufficient testimonial evidence about the vessel.' Passos–Paternina, 918 F.2d at 986 (emphasis added); see also United States v. Culpepper, 834 F.2d 879, 883 (10th Cir.1987) (upholding the District Court's denial of a jury view where the site in question had changed due to rain and other circumstances and because the evidence included photographs from the day after the events in question occurred); Triplett, 195 F.3d at 999 (upholding the denial of a jury view where the trial evidence included photographs and diagrams of the sites of the defendant's arrests in addition to testimony concerning the circumstances and conditions at those locations at the relevant times).

Kelly, 98 F. App'x at 104.

In this case, it is apparent that the drilling rigs which are the subject of this litigation are no longer available as they have been dismantled, relocated, and resold or modified. Given the distance to the proposed site, it is likely that a tour of a drilling rig will likely require at least one-half trial day and may further be impacted by the jury's physical limitations. Further, the relative danger of oil drilling environments has been placed at issue in this matter and must be considered by the Court.

The absence of the proposed view will not impede the jury's comprehension of the size and operation of an oil rig, which most certainly will be aided by the numerous photographs and documents previously made of record in this matter, as well as proposed expert testimony concerning the conditions of each rig. Under these circumstances, a tour or view of a dissimilar operational oil rig is not warranted, and, accordingly, the following Order is entered:

AND NOW, this 28th day of December, 2018, IT IS HEREBY ORDERED that Defendant EQT Production Company's Motion for Jury View of a Drilling Rig is DENIED.

                              BY THE COURT:

                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF