IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION DRILLING COMPANY, LLC,<br>    Plaintiff,<br><br>        v.<br><br>EQT PRODUCTION COMPANY,<br>    Defendant. | Civil Action No. 16-1516<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 417 |

# OPINION

Presently before the Court is the Final Supplemental Motion for Attorneys' Fees and Expenses (the "Motion") filed by Defendant EQT Production Company ("EQT"). ECF No. 417. Plaintiff Orion Drilling Company, LLC ("Orion") opposes the Motion in part because some of the fees and expenses are allegedly duplicative of amounts previously awarded or not legally necessary. ECF No. 419. EQT has filed its reply, ECF No. 421. The Motion is ripe for consideration. For the reasons that follow, the Motion is granted.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Following the trial of this matter and pursuant to the contract between Orion and EQT, the Court awarded EQT attorneys' fees of $1,920,823.06, and expenses in the amount of $854,535.73, for a total award of $2,775,358.79. ECF No. 392. Upon resolution of Orion's unsuccessful appeal to the United States Court of Appeals for the Third Circuit, the Court awarded EQT another $407,643.95 for attorneys' fees and expenses incurred in the post-trial motion and appeal phases of this litigation. ECF No. 414. On separate motion, this amount was also awarded by Third Circuit. Orion Drilling Co., LLC v. EQT Prod. Company, No. 19-3307 (3d Cir. Nov. 8, 2020), at Doc. No. 80.

Additional fees and expenses were necessarily incurred in preparation of the fee petitions and to collect previously awarded sums from the issuer of an appeal bond secured by Orion. Thus, the Court directed through the Order dated November 16, 2020, that "EQT may file a Supplemental Motion by submitting any invoice for fees and expenses incurred in October 2020, if necessary." EQT now seeks another $27,594.50 in attorneys' fees and $15,232.36 in expenses, for a total of $42,826.86.

EQT also seeks the entry of a Judgment Order in its favor in the amount of $311,702.60. This amount represents the newly requested fees and expenses as well as $268,875.74 that remains outstanding from amounts previously awarded and that exceed the appeal bond obtained by Orion in the amount of by $2,914,127.00. ECF No. 417 at 2-3. Orion does not oppose the entry of a judgment order that includes previously awarded outstanding amounts. ECF No. 419.

## II.   STANDARD OF REVIEW

The Court resolved EQT's prior Motions for Attorneys' Fees and Expenses in accordance with the following principles, that remain applicable to the pending Motion:

> "Under Pennsylvania law, '[c]ounsel fees are recoverable only if permitted by statute, clear agreement of the parties, or some other established exception.'" Norfolk S. Ry. Co. v. Pittsburgh & W. Virginia R.R., 101 F. Supp. 3d 497, 540 (W.D. Pa. 2015), aff'd, 870 F.3d 244 (3d Cir. 2017) (quoting Knecht, Inc. v. United Pac. Ins. Co., 860 F.2d 74, 80 (3d Cir. 1988)). When a contract provides for an award of attorney's fees to the prevailing party, "the trial court may consider whether the fees claimed to have been incurred are reasonable, and [ ] reduce the fees claimed if appropriate." McMullen v. Katz, 985 A.2d 769, 777 (Pa. 2009).
>
> "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 422 (1983)). The district court must also consider the amount and character of the services performed, the difficulty of the problems involved, and the amount of money or value of the property in question. Toshiba America Medical Systems, Inc. v. Valley Open MRI and Diagnostic Center Inc., 674 F. App'x 130, 133 (3d Cir. 2016) (citing McMullen, 985 A.2d at 774). Other factors to be considered

include the results obtained, the professional skill and standing of the attorney, the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended. City of Scranton v. Davis, No. 16-1727, 2018 WL 3126443 (M.D. Pa. June 26, 2018) (citing McMullen, *supra*; In re LaRocca's Tr. Estate, 246 A.2d 337, 339 (Pa. 1968); and citing Arches Condo Ass'n v. Robinson, 131 A.2d 122, 131-32 (Pa. Commw. Ct. 2015)).

While "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party,'" the court has a great deal of discretion to adjust the fee award in light of objections. Rode, 892 F.2d at 1183 (internal citation omitted).

Orion Drilling Co., LLC v. EQT Prod. Co., No. CV 16-1516, 2019 WL 4267386, at *3 (W.D. Pa. Sept. 10, 2019), *aff'd*, 826 F. App'x 204 (3d Cir. 2020).

### III. DISCUSSION

Orion first objects to a portion of EQT's requested fee recovery because it asserts that some of the charges are for work that is not substantially different in form or substance from prior fee-related motions and for which relief previously was granted. ECF No. 419 at 3-4. Upon review of the pending Motion and supporting exhibits, the Court finds that the fees charged are for preparation of the post-appeal fee motions and are well-documented and reasonable. To prepare the post-trial fee motions, EQT counsel reviewed approximately 150 pages of billing records. These records itemize tasks undertaken to address the multiple issues raised by Orion post-trial (18 separate claims of error) and on appeal (6 separate claims of reversible error). ECF No. 411-2. Counsel also drafted a lengthy affidavit in support of post-trial fees and expenses. ECF No. 411-1. This review was conducted and charged at a discounted rate that this Court has determined to be reasonable. ECF No. 417 ¶ 6; ECF No. 392.

Orion's second objection relates to expenses incurred by EQT for affidavits prepared by Hon. Robert L. Byer (Ret.) ("Byer"), a former Pennsylvania appellate court judge with an established career engaged in post-trial and appellate litigation in Western Pennsylvania. EQT

3

offers Byer's affidavits in support of its burden to establish the reasonableness of both the fees incurred and the hourly rate charged. See Clemens v. New York Cent. Mut. Fire Ins. Co., 903 F.3d 396, 402 (3d Cir. 2018) (citations omitted) (district court properly denied fee petition for, among other things, failing to establish through satisfactory evidence in addition to counsel's own affidavits "that their requested hourly rates were reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'").

Byer's affidavits reflect that he reviewed all post-trial and appellate invoices as well as the extensive trial court and appellate briefs and opinions. Byer determined that the work performed was necessary and reasonable considering the issues raised post-trial and on appeal. ECF Nos. 411-3, 411-4. The Byer affidavits also establish that the hourly rates charged by EQT's counsel were reasonable and consistent with rates typically charged by comparable firms in the Western District of Pennsylvania for post-trial and appellate work in complex, commercial litigation. ECF Nos. 411-3 and 411-4. Thus, on the record presented, the Court finds that the Byer expenses were necessarily incurred.

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that the fees and expenses requested in EQT's

Final Supplemental Motion for Attorneys' Fees and Expenses are both reasonable and necessary and, accordingly, the Motion is granted. An appropriate Order will be entered.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2021

cc:   All counsel of record by Notice of Electronic Filing